SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
  spetersen@sheppardmullin.com
LISA S. YUN, Cal. Bar No. 280812
  lyun@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:   858.720.8900
Facsimile:   858.509.3691

BURKE, WARREN, MACKAY & SERRITELLA, P.C.
DANIELLE J. GOULD, *pro hac vice* application to be filed
  dgou`ld@burkelaw.com
SARA YOUN CHOH, *pro hac vice* application to be filed
  schoh@burkelaw.com
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
Telephone:   312.840.7000
Facsimile:   312.840.7900

Attorneys for Defendant
ZACKS INVESTMENT RESEARCH, INC.,
an Illinois corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KERR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZACKS INVESTMENT RESEARCH, INC., an Illinois corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'16CV1352 GPC BLM**<br><br>[State Court Case No. 37-2016-00015206-CU-MC-CTL]<br><br>**ZACKS INVESTMENT RESEARCH, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441(a) & 1446**<br><br>[Filed concurrently with Declaration of Lisa S. Yun and Notice of Parties with Financial Interest]<br><br>Complaint Filed: May 6, 2016 |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Zacks Investment Research, Inc. ("Zacks"), contemporaneously with the filing of this Notice, hereby effects removal of the below-referenced action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. section 1446, and removal jurisdiction is based on 28 U.S.C. section 1441(a) (federal question) and section 1367(a) (supplemental jurisdiction).

## I.

## STATE COURT COMPLAINT

1. On May 6, 2016, Plaintiff John Kerr ("Plaintiff") filed a complaint in San Diego Superior Court entitled, *John Kerr v. Zacks Investment Research, Inc., et al.* ("Complaint").

2. Plaintiff served the Summons and Complaint on Zacks on May 19, 2016. Declaration of Lisa S. Yun, Ex. A.

3. Plaintiff asserts the following causes of action in his Complaint: (1) alleged negligent violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*; and (2) violation of California Penal Code § 632.7. Yun Decl., Ex. A.

4. Plaintiff purports to act on behalf of two putative classes: the "TCPA Class" and the "Privacy Act Class."

5. The TCPA Class is defined as:

> All natural persons nationwide who, during the applicable limitations period, received a telephone call from defendants that was (1) made to their cellular telephone and (2) initiated by defendants using an artificial or prerecorded voice and/or automatic telephone dialing

system.  Excluded from the class are all employees of defendants, all employees of defendants' counsel, and all employees of plaintiff's counsel.

*See* Yun Decl., Ex. A., Complaint ¶ 16.

6. The Privacy Act Class is defined as:

All natural persons who, while residing and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one outbound telephone communication with a live representative of defendants while on a cellular telephone that was recorded by defendants; (2) were not notified by defendants that the telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties.  Excluded from the class are all employees of defendants, all employees of defendants' counsel, and all employees of plaintiff's counsel.

*See* Yun Decl., Ex. A., Complaint ¶ 17.

7. Zacks answered Plaintiff's Complaint in the Superior Court on June 2, 2016.  Zacks's Answer generally denies Plaintiff's allegations pursuant to California Code of Civil Procedure section 431.30(d), and asserts a number of affirmative defenses.  Yun Decl., Ex. B.

## II.

## **REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

2. Plaintiff asserts a cause of action based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  Accordingly, the Complaint is removable under federal question jurisdiction 28 U.S.C. § 1441(a).

3. Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's claim under California Penal Code § 632.7 because this claim arises out of the same operative facts as Plaintiff's claims under the TCPA and

"form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III.

## **THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

1. In accordance with 28 U.S.C. § 1446(a), all copies of the papers filed in the State Court action as of the filing of this Notice of Removal are attached as exhibits to the Yun Declaration.

2. Pursuant to 28 U.S.C. § 1446(b)(2)(B), Zacks had 30 days from May 19, 2016—the date of the service of the Complaint and Summons—to file its Notice of Removal, i.e. until June 20, 2016. Thus, Zacks's Notice of Removal is timely.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this action was removed from San Diego County Superior Court, located within the District and Division of the Court.

4. Pursuant to 28 U.S.C. § 1446(d), Zacks is providing written notice to Plaintiff of the removal of this action.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, San Diego County.

6. Zacks is the only named Defendant in this action. Zacks is not required to investigate the identity of the unnamed defendants or to obtain their consent for removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendant has been served. Zacks is not required to obtain consent to remove from defendants who have not been served. *See* 28 U.S.C. § 1446(b).

## IV.
## **CONCLUSION**

For all of the reasons set forth above, Zacks removes the original action brought by Plaintiff in the Superior Court of the State of California for the County of San Diego to this Court.

Dated:  June 3. 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      *s/Lisa S. Yun*
         LISA S. YUN

Attorneys for Defendant
ZACKS INVESTMENT RESEARCH, INC.
Email: lyun@sheppardmullin.com