**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ZACKS INVESTMENT RESEARCH, INC., an Illinois corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN KERR, individually and on behalf of all others similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2016** at 03:09:53 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

330 West Broadway

San Diego, CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*

37-2016-00015206-CU-MC-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James T. Hannink (131747), Zach P. Dostart (255071); Tel No. (858) 623-4200

DOSTART HANNINK & COVENEY, LLP, 4180 La Jolla Village Dr, Ste 530, La Jolla, CA 92037

<table>
<tr><td>

DATE:
*(Fecha)* 05/06/2016

</td><td>

Clerk, by
*(Secretario)* J. Pascual

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  Attorneys for Plaintiff

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/06/2016** at 03:09:53 PM
Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10

11  JOHN KERR, individually and on behalf of all
    others similarly situated.,

12              Plaintiff,

13  vs.

14  ZACKS INVESTMENT RESEARCH, INC.,
15  an Illinois corporation, and DOES 1-50,
    inclusive,

16              Defendants.

17

18

CASE NO.  37-2016-00015206-CU-MC-CTL

**CLASS ACTION COMPLAINT FOR
VIOLATION OF:**

**(1) TELEPHONE CONSUMER
PROTECTION ACT ("TCPA")**
[47 U.S.C. § 227]

**(2) CALIFORNIA INVASION OF
PRIVACY ACT**
[Cal. Penal Code § 632.7]

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

GENERAL ALLEGATIONS

1.     Plaintiff John Kerr ("Plaintiff") is an individual residing in San Diego County, California.

2.     Plaintiff is informed and believes and thereon alleges that defendant Zacks Investment Research, Inc. is an Illinois corporation that does business in San Diego County.

3.     Plaintiff does not know the names of the defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known.   Plaintiff alleges on information and belief that each of the DOE defendants is affiliated with the named defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of another defendant.   For ease of reference, plaintiff will refer to the named defendant and the DOE defendants collectively as "defendants."

4.     Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

5.     This Court has jurisdiction of plaintiff's TCPA claim pursuant to 47 U.S.C. §227(b)(3).

TCPA — GENERAL ALLEGATIONS

6.     During the relevant limitations period, plaintiff placed a call to defendants and ordered a book.   Soon thereafter, plaintiff received on his cellular telephone a telephone call from defendants, during which call defendants' representative attempted to sell other products to plaintiff.

7.     Plaintiff is informed and believes and thereon allege that the telephone call to plaintiff's cellular telephone was initiated by defendants for the purposes of informing plaintiff about the commercial availability of defendants' products and encouraging plaintiff to purchase those products.   As such, the call constituted an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1) and "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

8.     Within the telemarketing industry, it is common for telemarketers to utilize equipment to automate the step of telephone dialing. *See In the Matter of Rules and Regulations*

1 | *Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14022 (July 3, 2003)
2 | ("2003 FCC Order").  Use of such technology enables telemarketing employees to devote more
3 | time to selling rather than dialing phone numbers.  Such technology can include equipment that
4 | has the capacity to store or produce telephone numbers to be called, using a random or sequential
5 | number generator, and to dial such numbers, and/or equipment that stores pre-programmed
6 | numbers or receives numbers from a computer database and then, for the sake of efficiency, dials
7 | those numbers in a manner that predicts the time when the called party will answer the phone and
8 | a telemarketer will be available to take the call (a "predictive dialer").  *See id.* at 14022, n.31,
9 | 14090-91.  In either case, the basic function of such equipment is to dial numbers without human
10 | intervention, and a predictive dialer falls within the meaning and statutory definition of "automatic
11 | telephone dialing system" as set forth in 47 U.S.C. § 227(a)(1).  *Id.* at 14091-93.

12 | 9.     Attached hereto as Exhibit 1 is a true and correct copy of a website posting for the
13 | position of telemarketing manager at Zacks Investment Research, which was printed from
14 | https://jobs.livecareer.com/l/telemarketing-manager-investment-products-zacks-investment-
15 | 75fecab2d5608ee7707521b02e91a520 (last accessed May 6, 2016).  The posting indicates that
16 | candidates for that position should understand "automated dialing technology."

17 | 10.    Based on the foregoing, plaintiff is informed and believes and thereon alleges that
18 | the call plaintiff received on his cellular telephone was initiated by defendants using equipment
19 | that has the capacity to store or produce telephone numbers to be called, using a random or
20 | sequential number generator, and to dial such numbers, and/or a predictive dialer, such that the
21 | call was initiated using an automatic telephone dialing system within the meaning of 47 U.S.C.
22 | § 227(a)(1).

23 | 11.    Defendants did not obtain plaintiff's prior express written consent before placing
24 | the call to plaintiff's cellular telephone. Accordingly, the call was placed by defendants in
25 | violation of 47 U.S.C. § 227(b)(1).

26 | / / /
27 | / / /
28 | / / /

PRIVACY ACT — GENERAL ALLEGATIONS

12.     During the applicable statute of limitations, and while plaintiff resided in and was physically present in the State of California, plaintiff received a telephone call from defendants during which plaintiff spoke with a live representative of defendants.  Plaintiff alleges on information and belief that defendants secretly recorded the communication.  Defendants did not notify plaintiff that they were recording the communication, nor did defendants obtain plaintiff's consent.

13.     Plaintiff alleges on information and belief that, during the twelve months preceding the filing of this complaint, defendants routinely recorded telephone calls placed to customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded.

14.     California Penal Code § 632.7 prohibits the recording of any communication without the consent of all parties where one of the parties to the communication is using a cellular telephone.

CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this lawsuit as a class action under Code of Civil Procedure section 382. Plaintiff seeks to represent two classes:  the "TCPA Class" and the "Privacy Act Class."

16.     The TCPA Class is defined as follows:  "All natural persons nationwide who, during the applicable limitations period, received a telephone call from defendants that was (1) made to their cellular telephone and (2) initiated by defendants using an artificial or prerecorded voice and/or an automatic telephone dialing system.  Excluded from the class are all employees of defendants, all employees of defendants' counsel, and all employees of plaintiffs' counsel."

17.     The Privacy Act Class is defined as follows:  "All natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one outbound telephone communication with a live representative of defendants while on a cellular telephone that was recorded by defendants; (2) were not notified by defendants that the telephone communication was being recorded; and

1   (3) are identifiable through records held by defendants and/or third parties. Excluded from the

2   class are all employees of defendants, all employees of defendants' counsel, and all employees of

3   plaintiff's counsel."

4      18.   Ascertainability. The members of the TCPA Class and the Privacy Act Class may

5   be ascertained by reviewing records in the possession of defendants and/or third parties, including

6   without limitation defendants' call records, customer records, call lists, and audio recordings.

7      19.   Common Questions of Fact or Law. There are questions of fact or law that are

8   common to the TCPA Class and the Privacy Act Class which predominate over individual issues.

9   Common questions regarding the TCPA Class include, without limitation: (1) defendants' policies

10  and procedures for obtaining prior express written consent from customers to place telephone calls

11  to their cellular telephones; (2) what type of telephone dialing system defendants used to initiate

12  calls to cellular telephones; (3) whether defendants initiated calls to cellular telephones using an

13  artificial or prerecorded voice; (4) whether defendants' telephone calls constitute "advertisement"

14  as defined in 47 C.F.R. § 64.1200(f)(1) and/or "telemarketing" as defined in 47 C.F.R.

15  § 64.1200(f)(12); (5) defendants' record-keeping practices; and (6) the appropriate remedies for

16  defendants' conduct. Common questions regarding the Privacy Act Class include, without

17  limitation: (1) defendants' policies and procedures for recording telephone communications with

18  customers in California; (2) whether defendants notify customers that outbound telephone calls

19  from defendants are recorded; (3) whether defendants' conduct constitutes a violation of Cal.

20  Penal Code § 630 et seq., including without limitation § 632.7; (4) defendants' record-keeping

21  practices; and (5) the appropriate remedies for defendants' conduct.

22     20.   Numerosity. The TCPA Class and the Privacy Act Class are so numerous that

23  joinder of all TCPA Class or Privacy Act members would be impracticable. Plaintiff is informed

24  and believes and thereon alleges that each class consists of at least 50 members.

25     21.   Typicality and Adequacy. Plaintiff's claims are typical of the claims of the

26  members of both classes. Plaintiff alleges on information and belief that other TCPA Class

27  members also received one or more telemarketing calls to their cellular telephones that were

28  initiated by defendants using an automatic telephone dialing system and/or an artificial or

1  prerecorded voice, without first providing prior express written consent to receive such calls.

2  Plaintiff has no interests that are adverse to those of the other TCPA Class members.  Plaintiff will

3  fairly and adequately protect the interests of the TCPA Class members.  Plaintiff alleges on

4  information and belief that other Privacy Act Class members also participated in one or more

5  telephone calls received from defendants, which communications were secretly recorded by

6  defendants.  Plaintiff has no interests that are adverse to those of the other Privacy Act Class

7  members.  Plaintiff will fairly and adequately protect the interests of the Privacy Act Class

8  members.

9       22.    Superiority.   A class action is superior to other methods for resolving this

10  controversy.  Because the damages suffered by each TCPA Class and Privacy Act Class member

11  are low, the expense and burden of individual litigation would make it impracticable for members

12  of each class to redress the wrongs done to them.  Furthermore, on information and belief, Privacy

13  Act Class members do not know that their rights have been violated.  Class certification would

14  also conserve judicial resources and avoid the possibility of inconsistent judgments.

15                          FIRST CAUSE OF ACTION

16            (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

17       23.    Plaintiff incorporates by reference paragraphs 1-11 and 15-22 as if set forth herein.

18       24.    Plaintiffs are informed and believe and thereon allege that, within the limitations

19  period, and without first obtaining the prior express written consent of plaintiffs or the TCPA

20  Class members, defendants initiated telephone calls to plaintiffs' and TCPA Class members'

21  cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded

22  voice, in violation of 47 U.S.C. § 227(b).

23       25.    Plaintiffs are informed and believe and thereon allege that the telephone calls were

24  initiated by defendants for the purposes of informing plaintiffs and TCPA Class members about

25  the commercial availability of defendants' products and encouraging plaintiffs and TCPA Class

26  members to purchase those products.  As such, each call constituted an "advertisement" as defined

27  in 47 C.F.R. § 64.1200(f)(1) and "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

28

1      26.    Plaintiffs are informed and believes and thereon alleges that the telephone calls to

2  plaintiffs' and TCPA Class members' cellular telephones were made by defendants knowingly and

3  willfully.

4      27.    As a result of defendants' conduct, plaintiffs and the TCPA Class members are

5  entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) and statutory damages of at least

6  $500 per violation and up to $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3).

7                                  SECOND CAUSE OF ACTION

8                              (Violation of Cal. Penal Code § 632.7)

9      28.    Plaintiff incorporates by reference paragraphs 1-5 and 12-22 as if set forth herein.

10      29.    Plaintiff alleges on information and belief that, within the applicable statute of

11  limitations, plaintiff and the Class members, while residing in and physically present in the State

12  of California, received outbound telephone calls from defendants and participated in telephone

13  communications with a live representative of defendants, which communications were recorded by

14  defendants without the consent of plaintiff and the Class members.  Defendants did not notify

15  plaintiff and the Class members that the outbound communications were being recorded.

16      30.    Cal. Penal Code § 632.7 prohibits the intentional recording of a communication

17  without the consent of all parties where at least one of the parties to the communication is using a

18  cellular telephone.  Defendants violated § 632.7 by intentionally recording the communications

19  with plaintiff and other Class members without obtaining their consent.

20      31.    As a result of defendants' conduct, plaintiff and the Class members have been

21  injured.  Accordingly, plaintiff and the Class members are entitled to statutory damages of $5,000

22  per recorded communication pursuant to Cal. Penal Code § 637.2(a), and injunctive relief to halt

23  the secret recording of communications pursuant to Cal. Penal Code § 637.2(b).

24                                      PRAYER

25  WHEREFORE, plaintiff prays for judgment against defendants as follows:

26      1.    For statutory damages as alleged herein;

27      2.    For injunctive relief as alleged herein;

28      3.    For reasonable attorneys' fees;

1    4.    For costs of suit;

2    5.    For pre-judgment interest; and

3    6.    For such other relief that the Court deems proper.

4    Dated: May 6, 2016                    DOSTART HANNINK & COVENEY LLP

5

6                                          _____
                                           ZACH P. DOSTART
7                                          Attorneys for Plaintiff

8                        DEMAND FOR JURY TRIAL

9        Plaintiff hereby demands trial by jury on all claims so triable.

10   Dated: May 6, 2016                    DOSTART HANNINK & COVENEY LLP

11

12                                         _____
                                           ZACH P. DOSTART
13                                         Attorneys for Plaintiff

14   754522.2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     8

Exhibit 1

# Zacks Investment Telemarketing Manager Investment Products Job Opening in Chicago, IL

## Job Description

MAG89B9E-TELEMKTMGR - Manager Inside Sales Investment Services

As the Chicago-based Telemarketing Manager, of one of our teams, your primary mission is to improve the productivity of an outbound calling team of 15 to 25 people who'll introduce retail investment products to individual investors.

If you understand the fine distinctions among investors that determine who will buy investment newsletters, annuities, ETFs, Mutual Funds and SMAs AND you are an excellent manager, can write calling scripts that work, can motive a team, understand how CRMs work with automated dialing technology, and are an effective communicator – this may be your ideal job.

If you also understand how telemarketing works with email and direct mail in an integrated marketing communications program – this is certainly your ideal job

In the final analysis, your success will be measured by how effectively you increase telemarketing productivity as part of an integrated direct response marketing programs .

If you're up to the challenge, then we can promise an abundance of growth opportunities within our fluid and rapidly growing organization.

If you are an experienced broker with Series 65 or 7 who was able to build a book of business through cold calling – and you also have experience as the manager of an outbound telemarketing team -- you will love our environment – where the leads are NOT cold – and the team is highly motivated

If you are an old hand who grew up in the Lehman world of eat what you kill or a young Gen Xer who is a leader in Social Media marketing – and enjoy training others - you will find our entrepreneurial environment quite exciting and will find a tremendous opportunity to display your abilities and reap the rewards of your efforts as an Outbound Telemarketing Manager for Zacks Investment Research in Chicago.

This role's compensation has a large productivity component, which, simply put, means you'll make on the order of 50% more money than in comparable jobs if you can mentor and motivate your 15 to 25-person telemarketing team to increase performance and reduce our cost per lead.

If you're ready to advance your career, help us grow our outbound calling team and develop the

necessary best practices to fuel our future success, than you'll find us highly receptive to your candidacy.

Apply online today with a company that recognizes, ratifies and rewards top performers.

Zacks Investment Research, a 600-person Chicago-based financial organization, is the 2nd largest provider of independent equity research in the US to individual investors, and the 5th largest provider of Investment systems to professional investment management firms. Through a wholly-owned RIA subsidiary, Zacks manages more than $4 Billion for individual and Institutional investors. Zacks provides exciting career opportunities to exceptional individuals through its strong commitment to growth through decentralized entrepreneurial profit centers.

http://hiring.accolo.com/job.htm?id=376649044&sourceType=20



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00015206-CU-MC-CTL        CASE TITLE: Kerr vs Zacks Investment Research Inc [E-FILED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  - In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  - In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S): John Kerr

DEFENDANT(S): Zacks Investment Research Inc

SHORT TITLE: KERR VS ZACKS INVESTMENT RESEARCH INC [E-FILED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00015206-CU-MC-CTL |
|---|---|

Judge: Joan M. Lewis                Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                ☐ Binding private arbitration

☐ Voluntary settlement conference (private)                ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                _____
Name of Plaintiff                Name of Defendant

_____                _____
Signature                Signature

_____                _____
Name of Plaintiff's Attorney                Name of Defendant's Attorney

_____                _____
Signature                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/06/2016

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)                **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James T. Hannink (131747)<br>Zach P. Dostart (255071)<br>DOSTART HANNINK & COVENEY LLP<br>4180 La Jolla Village Drive, Suite 530, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 623-4200   FAX NO.: (858) 623-4299<br>ATTORNEY FOR *(Name)*: Plaintiff, John Kerr | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/06/2016** at 03:09:53 PM<br><br>Clerk of the Superior Court<br>By Jessica Pascual,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Kerr v. Zacks Investment Research, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2016-00015206-CU-MC-CTL |
| | | | | JUDGE: Judge Joan M. Lewis |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ✓ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 1. Telephone Consumer Protection Act; 2. Cal. Invasion of Privacy Act
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 6, 2016
Zach P. Dostart
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7065 | |

| PLAINTIFF(S) / PETITIONER(S): John Kerr |
|---|

| DEFENDANT(S) / RESPONDENT(S): Zacks Investment Research Inc |
|---|

| KERR VS ZACKS INVESTMENT RESEARCH INC [E-FILED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER: 37-2016-00015206-CU-MC-CTL |

## CASE ASSIGNMENT

Judge:  Joan M. Lewis                                      Department: C-65

**COMPLAINT/PETITION FILED:** 05/06/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/04/2016 | 11:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).