UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Kerr,<br><br>                            Plaintiff,<br><br>v.<br><br>Zacks Investment Research, Inc. et al,<br><br>                            Defendants. | Case No.: 3:16-cv-01352-GPC-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 19.]** |

Before the Court is Plaintiff John Kerr's motion for leave to file a first amended complaint. (Dkt. No. 19.) The motion has been fully briefed. (Dkt. Nos. 21, 22.) The Court deems Plaintiff's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Plaintiff's motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to amend.

## BACKGROUND

On May 6, 2016, Plaintiff John Kerr ("Plantiff" or "Kerr") filed a complaint against Zacks Investment Research, Inc. ("Defendant" or "ZIR") in San Diego Superior Court, which was removed to this Court on June 3, 2016. (Dkt. No. 1.) The complaint alleges that ZIR initiated a telemarketing call to Plaintiff's cell phone without Plaintiff's prior express written consent, in violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, and recorded telephone calls made to Plaintiff and other class members without their consent, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.* (Dkt. No. 1-2, Compl.)

A scheduling order was filed on July 19, 2016. (Dkt. No. 18.) The deadline to file any motions to join other parties or amend the pleadings was September 23, 2016. (Dkt. No. 18.) On September 1, 2016, Plaintiff filed a motion for leave to file a First Amended Complaint ("FAC"). (Dkt. No. 19.) In his motion, Plaintiff seeks to (1) add three additional plaintiffs—Edward Li, Tim Barnard, and Kenneth Curtis—who allege that they received telephone calls from ZIR in violation of the TCPA; (2) add four defendants previously named as fictitious defendants—National Marketing Resources, LLC ("NMR"), Paradigm Direct LLC ("Paradigm"), Paradigm Direct Marketing, LLC ("Paradigm Marketing"), and Response North, LLC ("Response North"); and (3) add allegations concerning an agency relationship between ZIR, NMR, Paradigm, and Response North with respect to the telephone call that was allegedly made to Plaintiff Kerr. (Dkt. No. 19-3, Proposed FAC ¶¶ 2–4, 6–10, 14–26.) Defendant objects to Plaintiff's addition of three new plaintiffs. (Dkt. No. 21 at 2.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Granting leave to amend rests in the sound discretion of the trial court. *Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on

whether the amendment will add causes of action or parties." *Id.*; *but see Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than to add new parties.).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

## DISCUSSION

### A. Undue Delay

Defendant states that Plaintiff Kerr waited four months before releasing information supporting his case, even though such information was within Plaintiff's knowledge when he filed his complaint. Defendant argues that Plaintiff's addition of three plaintiffs will cause undue delay in the same fashion.

In assessing timeliness, a court "do[es] not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Rather, the court inquires "whether the moving party knew or should have known the

facts and theories raised by the amendment in the original pleading." *Id.* (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

While Defendant forecasts that the addition of three plaintiffs will cause undue delay, the Court finds that there has not been undue delay in Plaintiff's current request for leave to amend. *C.f. id.* (finding that a fifteenth-month delay between obtaining a relevant fact and seeking leave to amend constituted undue delay); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding an eight-month delay constituted undue delay). Plaintiff filed the instant motion prior to the September 23, 2016 deadline in the Court's scheduling order. Plaintiff also seeks leave to amend for the first time. In light of these facts, Plaintiff's proposed addition of three plaintiffs does not cause undue delay.

**B. Bad Faith or Dilatory Motive**

Defendant argues that the proposed allegations regarding the three new plaintiffs contain no facts (for example, their telephone numbers, middle initials, the context of the calls they allegedly received) that would allow ZIR to confirm their identities or investigate their claims against ZIR. Citing Plaintiff Kerr's delay in releasing information within his knowledge, Defendant argues that Plaintiff's proposed addition of three plaintiffs is done in bad faith, and that the sparseness in the allegations regarding the three new plaintiffs is intentional.

To determine if a plaintiff's amendments are brought in bad faith, a court focuses on the plaintiff's motives for not amending the complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). To illustrate, courts have denied leave to amend due to bad faith where the plaintiff's motion was brought "to avoid the possibility of an adverse summary judgment ruling" and would prejudice the defendant by requiring reopening of discovery, *see Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986), or where the plaintiff's motive was to destroy diversity and, therefore, the court's jurisdiction, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Bad faith may also be found where a plaintiff has filed repetitious

motions to amend. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983). However, bad faith will not be found "where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the [sic] pleading requirements." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

Here, Plaintiff seeks to add three plaintiffs who allegedly also received telephone calls from ZIR in violation of the TCPA. The sparseness of the proposed plaintiffs' allegations does not indicate that Plaintiff's proposed amendments are brought in bad faith. "Where the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'" *DCD Programs*, 833 F.2d at 188 (quoting *Foman*, 371 U.S. at 182).

**C. Prejudice to the Opposing Party**

Defendant argues that adding new parties results in implicit prejudice to the nonmoving party, and that Plaintiff must first plead a complaint that complies with the Federal Rules of Civil Procedure before Defendant has an obligation to respond or provide information to Plaintiff.

While courts, in practice, grant leave to amend more freely when plaintiffs add claims than when they add parties, *see Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991), whether prejudice is undue is considered in light of the particular factual circumstances presented, *see Lucas v. Breg, Inc.*, No. 15-CV-258-BAS-NLS, 2016 WL 127583, at *3 (S.D. Cal. Jan. 11, 2016). In considering potential prejudice, the Court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." *See Peruta v. Cnty. of San Diego*, No. 09-CV-2371-IEG (BLM), 2010 WL 2612942, at *4 (S.D. Cal. June 25, 2010) (*citing Phoenix Solutions, Inc. v. Sony Elec., Inc.*, 637 F.Supp.2d 683, 690 (N.D. Cal. 2009); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). For example, prejudice can be shown where a party alleges new theories late in a case, significantly increases discovery burdens, forces a defendant to re-litigate

claims that have already been decided in a prior stage, or delays a party's ability to collect a judgment. *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *3 (N.D. Cal. Aug. 18, 2015) (citing *AmerisourceBergen Corp.*, 465 F.3d at 953–54; *Jackson*, 902 F.2d at 1388).

Here, the addition of three plaintiffs would not greatly alter the parties' positions in the action at this early stage of litigation, and the proposed amendment is not sought late in the case. While Defendant contends that the allegations concerning the three new plaintiffs do not state a claim, Defendant has not yet filed a dispositive motion to challenge the merits of Plaintiff's claim, and it remains free to do so. Plaintiff's proposed addition of three plaintiffs does not unduly prejudice Defendant at this stage in the litigation.

### D. Futility of Amendment

Finally, Defendant contends that allowing the filing of the proposed FAC may be futile, as the proposed FAC provides sparse facts about the three proposed plaintiffs. Defendant argues that failure to plead more information about the phone calls that the proposed plaintiffs allegedly received fails to put ZIR fairly on notice of the claims against it.

The Ninth Circuit has "repeatedly stressed that the [district] court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A motion for leave to amend may be denied for futility if the proposed amendment sets forth no set of facts which "can be proved under the amendment to the pleadings that would constitute a sufficient and valid claim." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). However, denial of leave to amend on this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-

LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting the "general preference against denying a motion for leave to amend based on futility"). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Fair Hous. Council of Cent. California, Inc. v. Nunez*, No. 1:10CV02073 LJO DLB, 2012 WL 217479 at *4 (E.D. Cal. Jan. 24, 2012) (internal citations omitted).

Here, the three proposed plaintiffs allege that they received telephone calls from Defendant in violation of the TCPA. To the extent Defendant contends that amendment is futile, the Court defers consideration of the merits until after Plaintiff files the amended pleading. *See Netbula*, 212 F.R.D. at 539.

Defendant has not met its burden of demonstrating why leave to amend should not be granted. In sum, the Court concludes that the factors under Rule 15 support granting leave to amend.

## CONCLUSION

Based on the above, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. The hearing set for October 7, 2016 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  September 29, 2016

Hon. Gonzalo P. Curiel
United States District Judge