# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KERR, EDWARD LI, TIM BARNARD, and KENNETH CURTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACKS INVESTMENT RESEARCH, INC., an Illinois corporation, NATIONAL MARKETING RESOURCES, LLC, a Missouri limited liability company; PARADIGM DIRECT LLC, a Delaware limited liability company; RESPONSE NORTH, LLC, a Utah limited liability company; ZACKS INVESTMENT MANAGEMENT, INC. an Illinois corporation; and DOES 6-50, inclusive,<br><br>Defendants. | CASE NO. 16-CV-01352 GPC BLM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>**[DKT. NO. 108]** |

Pending before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement ("Motion") relating to the settlement between plaintiffs John Kerr ("Kerr"), Edward Li ("Li"), Tim Barnard ("Barnard"), Kenneth Curtis ("Curtis"), (collectively, "Plaintiffs") and defendants Zacks Investment Management, Inc. ("ZIM") and Zacks Investment Research, Inc. ("ZIR") (together, "Zacks"); Response North, LLC ("Response North"); National Marketing Resources, LLC ("NMR"); and Paradigm Direct LLC ("Paradigm") (collectively, "Defendants").[1] Dkt. No. 108. A hearing was held as to this matter on November 9, 2017, where the Court ordered the parties to submit supplemental briefing. Dkt. No. 113. On November 15, 2017, plaintiffs filed a supplemental brief and revised Class Notices. Dkt. No. 115.

Having read and considered the moving papers, including the Settlement Agreement, and finding good cause, the Court finds and orders as follows:

1. Based upon the Court's review of the Settlement Agreement, the Motion (Dkt. No. 108), the supporting memorandum, the supporting declaration and attached exhibits, Plaintiffs' Supplemental Briefing and the attached exhibits (Dkt. No. 115), and the entire record, Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement is **GRANTED**.

2. The Court hereby conditionally certifies the following classes for settlement purposes only (the "Classes"):

> The "Zacks Class" is defined as follows:
> "All natural persons nationwide who, between and including May 6, 2012 and June 30, 2017, received a telephone call that was (1) made to their cellular telephone and (2) initiated by or on behalf of ZIR or ZIM using an automatic telephone dialing system. Excluded from the Zacks Class are all employees of defendants, all employees of defendants' counsel, all employees of plaintiffs' counsel, and judicial officers, their family members, and court staff assigned to the Lawsuit."

---

[1] Capitalized terms, not defined herein, have the same meaning as in the Settlement Agreement (Dkt. No. 108-3).

The "Response North TCPA Class" is defined as follows: [2]

"All natural persons nationwide who received from Response North a telephone call reflected in contact databases produced by Response North, which (1) was placed as part of the Zacks Book Campaign and/or the Options Trading Campaign and (2) was received on a cellular telephone. Excluded from the Response North TCPA Class are all employees of Response North, all employees of Response North's counsel, all employees of plaintiffs' counsel, and judicial officers, their family members, and court staff assigned to the Lawsuit."

The "Response North Privacy Class" is defined as follows:

"All California residents who received from Response North a telephone call reflected in contact databases produced by Response North, which (1) was made on a telephone line that was subject to recording by Response North and (2) was received by the recipient in the State of California. Excluded from the Response North Privacy Class are all employees of Response North, all employees of Response North's counsel, all employees of plaintiffs' counsel, and judicial officers, their family members, and court staff assigned to the Lawsuit."

3. The Court finds, for settlement purposes only, that the Classes meet the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (i) the Classes are so numerous that joinder is impracticable; (ii) there are questions of law and fact that are common to all Class Members, which predominate over individual issues; (iii) regarding typicality: (a) Kerr's claims are typical of the claims of the Response North TCPA Class and the Response North Privacy Class and (b) the claims of Li, Barnard, Curtis, Cares, Johnson, and Abjanic are typical of the claims of the Zacks Class; (iv) Kerr, Li, Barnard, Curtis, Cares, Johnson, Abjanic, and Class Counsel will fairly and adequately protect the interests of the Classes; and (v) a class action is superior to other available methods for the fair and efficient adjudication of

---

[2] As stated in Exhibit 1 to Plaintiff's Supplemental Briefing, the Zacks Book Campaign refers to "certain telephone calls to the cellular telephones of certain individuals in connection with telemarketing efforts relating to a book published by ZIR." The Options Trading Campaign refers to "certain telephone calls to the cellular telephones of certain individuals in connection with telemarketing efforts . . . relating to an educational seminar regarding options trading." *See* Dkt. No. 115.

the controversy. The Court appoints Kerr as the representative of the Response North TCPA Class and the Response North Privacy Class; Li, Barnard, Curtis, Cares, Johnson, and Abjanic as the representatives of the Zacks Class; Dostart Hannink & Coveney, LLP as Class Counsel; and CPT Group, Inc. as the Settlement Administrator.

4. The Court preliminarily approves the Settlement, including the monetary relief, procedure for payment of Class Counsel's attorneys' fees and litigation expenses to the extent ultimately awarded by the Court, and procedure for payment of class representative incentive awards to the extent ultimately awarded by the Court. The Court has reviewed the monetary relief that has been provided as part of the Settlement and recognizes its significant value to the Classes. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable as to all potential Class Members when balanced against the cost and uncertainty associated with further litigation of liability and damages issues. It further appears that settlement of the Litigation at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Litigation. It also appears that the Settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations.

5. The Court approves the Amended Summary Class Notices, the Amended Publication Notice, and the Amended Long Form Class Notice, which are attached as Exhibits 1-7 to the Supplemental Brief in Support of Plaintiffs' Unopposed Motion for Preliminary Approval ("Supplemental Brief") (ECF No. 115). The Settlement Administrator shall use for all purposes the Amended Notices (Exhibits 1-7 of the Supplemental Brief), rather than the original notices (Exhibits A-F of the Settlement Agreement). The Court approves the Claim Forms (Exhibits G and H to the Settlement Agreement). The Court also approves the Parties' revised agreement, as set forth in the Supplemental Brief, to publish the Amended Publication Notice three

4

times in the *Wall Street Journal*. Along with the foregoing, the notice procedure described in the Settlement meets the requirements of Fed. R. Civ. P. 23 and due process and constitutes the best practicable notice under the circumstances. The Settlement Administrator is directed to distribute the Amended Summary Class Notices via email or mail no later than thirty (30) days after entry of this Order, and to take all steps necessary to establish a settlement website. The date on which the Amended Summary Class Notices are emailed or mailed by the Settlement Administrator is the "Notice Date."

6. Any objections to the Settlement or to any of its provisions must be filed with this Court and served upon Class Counsel, Defendants' counsel, and the Settlement Administrator no later than sixty (60) days following the Notice Date, or else such objection will be waived.

7. As set forth in the Settlement, any Class Member who wishes to be excluded from a Class shall mail, email, or personally deliver to the Settlement Administrator a written request to be excluded no later than sixty (60) days following the Notice Date. Individuals in the Classes who do not timely request exclusion shall be bound by all determinations of the Court, the Settlement, and any Judgment that may be entered thereon.

8. If they have not already done so, Zacks and Response North shall promptly comply with the requirements of 28 U.S.C. § 1715.

9. The Parties shall file any motion for final approval, and Class Counsel shall file its motion for attorneys' fees, litigation expenses, and service payments to Kerr, Li, Barnard, Curtis, Cares, Johnson, and Abjanic, on the dates required under the Local Rules and under controlling law.

10. A final approval hearing shall be held in this Court on April 6, 2018, at 1:30 p.m., at which time the Court will determine whether the Settlement should be granted final approval. At that time, the Court will also consider Class Counsel's

5

motion for attorneys' fees, litigation expenses, and the proposed service payments to Kerr, Li, Barnard, Curtis, Cares, Johnson, and Abjanic.

11. Any Class Member may appear at the Final Approval Hearing and object to the Settlement ("Objectors"). Objectors may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court. No Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before the date that is sixty (60) days after the original date of emailing or mailing of the Summary Class Notices, that person has filed the objections, papers, and briefs with the Clerk of this Court and has served by hand or by first-class mail copies of such objections, papers, and briefs upon Class Counsel (Dostart Hannink & Coveney, LLP, Attention Zach P. Dostart, 4180 La Jolla Village Drive, Suite 530, San Diego, California 92037) and Defendants' counsel (Burke, Warren, MacKay & Serritella, P.C., Attention Danielle J. Gould, 330 North Wabash Avenue, 22nd Floor, Chicago, Illinois 60611; Lewis Brisbois Bisgaard & Smith LLP, Attention Stephen Turner, 633 West 5th Street, Suite 4000, Los Angeles, California 90071; and Meylan Davitt Jain Arevian & Kim LLP, Attention Raymond B. Kim, 444 South Flower Street, Suite 1850, Los Angeles, California 90071). Any Participating Class Member who does not object in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the Settlement.

12. If the Settlement does not become effective in accordance with the terms of and as defined in the Settlement, or if the Settlement is not finally approved by the Court, or is terminated, canceled or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions before entering into the Settlement. Accordingly, if the Settlement does not become effective for any reason: (i) the Settlement shall be null

and void and shall have no further force and effect with respect to any Party in this Litigation, and shall not be used in this Litigation or in any other proceeding for any purpose and (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Litigation, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement that would ordinarily be discoverable but for the attempted settlement.

13. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

14. In accordance with the terms of the Settlement, the Court hereby adopts the following dates for performance of the specified activities leading to the Final Approval Hearing:

| November 22, 2017 | Deadline for Class Counsel to provide the Settlement Administrator with the Zacks Database and the Response North Database. |
|---|---|
| December 1, 2017 | ZIR, ZIM, or their insurer shall transfer the sum of $250,000.00 into an interest-bearing account administered by the Settlement Administrator.<br><br>Response North or its insurer shall transfer the sum of $200,000.00 into an interest-bearing account administered by the Settlement Administrator. |

| December 18, 2017 | Deadline for Settlement Administrator to email or mail the Summary Class Notices to all persons listed in the Zacks Database and the Response North Database. This is the "Notice Date." |
| --- | --- |
| | Deadline for Settlement Administrator to establish a website on which it will make available the operative complaint, the Settlement Agreement, the order granting preliminary approval of the Settlement, a Long Form Class Notice, the Zacks Claim Form (in a format that may be printed), the Response North Claim Form (in a format that may be printed), and any other materials agreed to by the Parties. |
| | The date on or after which the Settlement Administrator will cause the Publication Notice to be published in the Wall Street Journal (may be within 3 days after the Notice Date). |
| February 16, 2018 | Claim/Exclusion/Objection Deadline; Last day for Class Members to submit a Claim; Last day for Class Members to submit a request for exclusion or to file and serve any written objection to the Settlement and any notice of intent to appear at Final Approval Hearing |
| March 2, 2018 | Deadline for Claims Administrator to provide to Class Counsel and Defendants' counsel a written report summarizing the Claims that have been received and the Claims that have been validated, and listing any request for exclusion or objection that has been received by the Settlement Administrator. |
| April 6, 2018 at 1:30 PM | Final Approval Hearing |

15. The parties are ordered to carry out the Settlement in the manner provided in the Settlement.

**IT IS SO ORDERED.**

Dated: November 17, 2017

Hon. Gonzalo P. Curiel
United States District Judge